IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY BROWN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:13-CV-2666-D |
| VS. § | |
| § | |
| BANK OF AMERICA, N.A., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Timothy Brown and Sherice Brown ("the Browns") move to remand this removed action to Texas state court. The court denies the motion.

I

The Browns filed this action in Texas state court seeking a temporary restraining order, which the state court granted, and damages for wrongful foreclosure. The Browns allege that they "have suffered loss of monies expended in the completion of purchase of the property and equity in the home of at least $300,000." D. Not. Removal, Ex. A, at 5. Defendant Bank of America, N.A. ("BOA") removed the case to this court based on diversity of citizenship.

The Browns move to remand, contending that (1) the judge in the state action has ordered the parties to mediation and the Browns are willing to mediate their claims; (2) "the lawsuit [does not] involve a federal question"; (3) "[e]ven though the parties are diverse, [BOA] is a local defendant"; and (4) "[t]his type of suit (wrongful foreclosure, bill of review,

temporary restraining order) cannot be removed . . . . based on 28 U.S.C. § 1445(c)." Ps. Mot. Remand 2-3.[*]

## II

### A

"In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (citing 28 U.S.C. § 1441(a)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar*, 47 F.3d at 1408.

### B

BOA has demonstrated, and the Browns acknowledge, that they are citizens of Texas. BOA is a citizen of North Carolina because it is a national banking association with its main office located in that state. "[F]or purposes of federal-court diversity jurisdiction," "a national bank . . . is a citizen of the State in which its main office, as set forth in its articles

---

[*]The Browns also contend that "[t]his court does not have subject matter jurisdiction to hear the case on the bill of review, thus plaintiffs are asking the court to remand the case." Ps. Mot. Remand 2 (emphasis omitted). It is not clear whether the Browns argue that the court should remand this case because a separate suit involving the Browns and BOA (also removed to this court) does not involve a federal question, or whether their argument pertains to the separate suit alone. Assuming that the Browns argue that the court should remand this case because the separate suit does not involve a federal question, they do not cite any authority that supports remanding this case on that basis.

of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, 307 (2006). The Supreme Court has expressly rejected the argument "that a national bank is . . . a citizen of every State in which it has established a branch." *Id.* at 307.

BOA removed this case based on diversity jurisdiction and has established that the court has diversity jurisdiction. Because diversity jurisdiction is an independent basis for this court to exercise subject matter jurisdiction, it does not matter that the court lacks (assuming it does) federal question jurisdiction.

C

The Browns maintain that the court should remand the case because the state judge ordered mediation and the Browns are willing to mediate. They do not cite any authority that warrants remanding the case on this basis.

D

The Browns posit that, although the parties are diverse, BOA is a local defendant. The court disagrees. As explained above, BOA's main office is in North Carolina. The fact that it has established branches in Texas is not controlling for purposes of determining diversity jurisdiction.

E

The Browns argue that 28 U.S.C. § 1445(c) forbids removal. This argument is frivolous. Section 1445(c) forbids the removal of actions "arising under the workmen's compensation laws of [a] State." Federal courts regularly exercise diversity jurisdiction over claims like those that the Browns assert. *See, e.g., Azzam v. Wells Fargo Bank, N.A.*, 2011

WL 149350 (S.D. Tex. Jan. 18, 2011).

* * *

The Browns' motion to remand is denied.

**SO ORDERED**.

October 8, 2013.

_____<br>
SIDNEY A. FITZWATER<br>
CHIEF JUDGE