IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-2666-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |
| | | |
| TIMOTHY BROWN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-2843-D |
| VS. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Bank of America, N.A. ("BOA") moves in each of these removed civil actions brought by plaintiffs Timothy Brown and Sherice Brown ("the Browns") to consolidate the two cases. For the reasons that follow, the court denies the motions.

I

The Browns filed Civil Action No. 3:13-CV-2666-D ("No. 2666"), a wrongful foreclosure action, in Texas state court. BOA removed the case to this court. The Browns allege that BOA wrongfully foreclosed on their residence. They also assert claims for breach of contract, fraud, and negligence. They seek damages, a temporary restraining order, a

preliminary injunction, and a permanent injunction precluding BOA from evicting them from their residence.

On the same day the Browns filed the wrongful foreclosure action, they filed Civil Action No. 3:13-CV-2843-D ("No. 2843") in a county court at law, seeking a bill of review. BOA also removed No. 2843 to this court. The Browns allege that BOA failed to comply with a consent agreement ("Consent Agreement") that BOA entered into with the U.S. Department of Justice and 49 states. They contend that their counsel failed to present evidence of BOA's failure to comply with the Consent Agreement during a foreclosure proceeding concerning their residence. The Browns maintain that, as a result of their counsel's failure, and through no fault on their part, BOA prevailed at the foreclosure proceeding and later obtained a judgment of possession on their residence. The Browns request that the judgment granting BOA possession be set aside, that the court stop the eviction action by BOA, that a new trial be granted, and that the court enter judgment that BOA take nothing.

BOA now moves the court in both cases for consolidation. The Browns oppose the motions.

II

Under Fed. R. Civ. P. 42(a), the court can consolidate actions involving a common question of law or fact. This court has broad discretion in determining whether to consolidate cases. *See, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay, *see, e.g., id.* at 761-62,

without prejudicing the rights of the parties, *see, e.g., St. Bernard Gen. Hospital, Inc. v. Hosp. Service Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir.1983). The moving party bears the burden of establishing that the cases should be consolidated. *See, e.g., Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80, 82 (3d Cir. 2005).

III

The Browns maintain that there are no common issues of law in Nos. 2666 and 2843 and that the cases should not be consolidated because they cannot be tried by the same trier of fact. BOA responds that, because the actions both seek to invalidate BOA's foreclosure on the Browns' residence, they involve common questions of law or fact and should be consolidated.

A

The court holds that No. 2666 (the wrongful foreclosure action), which will be tried to a jury, should not be consolidated with No. 2843 (the bill of review), which will be tried to the court, because the differences in the nature of the two proceedings may prejudice the parties and confuse the jury hearing No. 2666. "Federal courts have often declined to consolidate cases requiring two different factfinders." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp.1560, 1573 (D.N.M. 1994); *see also Whiteman v. Pitrie*, 220 F.2d 914, 917-18 (5th Cir. 1955) (affirming decision not to consolidate jury and nonjury actions); *Spitznagel v. R & D Italia, LLC*, 2011 WL 1615511, at *3 (M.D. Fla. Apr. 12, 2011) (declining to consolidate jury and nonjury actions and citing *Servants of the Paraclete* and *Whiteman*). "The princip[al] rationale for denying motions to consolidate jury and non-jury

- 3 -

cases is that jury confusion and prejudice would likely result should the jury hear testimony irrelevant to the issues it must adjudicate." *Servants of the Paraclete*, 866 F. Supp. at 1573. If the court consolidates these cases, it will be necessary either to order separate trials (which would at least in part defeat any real benefit from consolidating the cases) or to exclude, or instruct the jury concerning, potentially prejudicial and confusing testimony regarding the nonjury bill of review case. The measures necessary to avoid prejudice or confusion in a joint trial could require the jury to "mov[e] in and out as each witness' testimony [is] fragmented to insure that the witness [is] not . . . able to testify before the jury as to that evidence which was solely admissible in the [nonjury] action.'" *Id.* (quoting *Turner v. Transportacion Maritima Mexicana S.A.*, 44 F.R.D. 412, 419 (E.D. Pa. 1968)). The court concludes in its discretion that it should not consolidate two cases where such measures would be required.

B

Alternatively, the court holds that BOA has not met its burden of demonstrating that the two actions involve common issues of law or fact. There are important differences between the legal issues involved in No. 2666 (the wrongful foreclosure action) and No. 2843 (the bill of review). In the wrongful foreclosure action, the Browns assert claims for wrongful foreclosure, breach of contract, fraud, and negligence. They seek damages and injunctive relief. In the bill of review, the Browns allege a right to equitable relief and ask the court to set aside a final, state-court judgment granting BOA possession of their residence. To demonstrate a right to relief in each lawsuit, the Browns must satisfy separate

legal standards. *Compare, e.g., Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013),[1] *with King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751-52 (Tex. 2003).[2] And there are important factual differences between the suits. The wrongful foreclosure action is based on allegations that BOA breached various oral agreements with the Browns; the bill of review is based on allegations that BOA breached the Consent Agreement.

BOA fails to address these legal and factual differences. Instead, it argues that the Rule 42(a) standard is satisfied because each lawsuit seeks to have the foreclosure declared invalid, to stall eviction from the Browns' residence, and ultimately to deprive BOA of its lien interests in the residence. The court disagrees. When the respective inquiries are different, the fact that there are similarities between two lawsuits does not mean that the suits involve common issues of law or fact that are sufficient to justify consolidating them. *See Star Ins. Co. v. Risk Mktg. Grp. Inc.*, 561 F.3d 656, 660-61 (7th Cir. 2009) (affirming refusal to consolidate post-judgment proceeding with proceeding on merits even though each sought repayment of same sum of money). BOA has failed to establish that the lawsuits involve

---

[1] "Under Texas law, a wrongful foreclosure claim ordinarily requires a showing of (i) 'a defect in the foreclosure sale proceedings'; (ii) 'a grossly inadequate selling price'; and (iii) 'a causal connection between the defect and the grossly inadequate selling price.'") (quoting *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.)).

[2] "[A] bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making by the fraud, accident or wrongful act of his or her opponent, and (3) the petitioner was not negligent."

issues of law or fact sufficient to merit consolidation under Rule 42(a).

* * *

BOA's motions to consolidate filed in these lawsuits are denied.

**SO ORDERED**.

October 22, 2013.

                                          SIDNEY A. FITZWATER
                                          CHIEF JUDGE